5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Fred JONES, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roslyn Denise HARRIS, Defendant-Appellant.
 Nos. 92-50715, 93-50000.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 7, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-92-00707-R, Manuel Real, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: TANG, CANBY and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these companion cases, Fred Jones, Jr., and Roslyn D. Harris pleaded guilty to conspiracy to defraud the United States, in violation of 18 U.S.C. Sec. 286. Jones and Harris appeal the sentences imposed on them under the Sentencing Guidelines. We affirm both sentences.
 
 
 3
 * Jones contends that the district court erred by increasing his offense level under U.S.S.G. Sec. 3B1.1(b), which provides for a three-level increase upon a finding that the defendant was a manager or supervisor of an offense that involved five or more participants.[1] Jones argues that the evidence does not support the district court's finding that he was a manager or supervisor because (1) co-defendant Harris exercised greater authority over the enterprise; and (2) each person whom Jones recruited to file fraudulent income tax returns exercised some independent decision-making authority.
 
 
 4
 The first part of Jones's argument previously has been rejected by this court. See United States v. Barnes, 993 F.2d 680, 685 (9th Cir.1993) ("the fact that one of [Jones's] codefendants occupied a leadership role in the enterprise does not preclude [Jones] from also occupying [a] leadership role"). The second part of Jones's argument also lacks merit. The facts contained in the presentence report demonstrate that Jones recruited several people to file fraudulent income tax returns, provided them with false W-2 forms, supervised their filing of the fraudulent tax returns, and accompanied them to collect the refund checks. These facts provide ample support for the district court's finding that Jones was a manager or supervisor of the offense. See United States v. Helmy, 951 F.2d 988, 997 (9th Cir.1991) ("in order for a defendant to receive an adjustment under Sec. 3B1.1(b) for his role as a manager or supervisor, the defendant must have managed or supervised at least one other participant"), cert. denied, 112 S.Ct. 2287 (1992).
 
 II
 
 5
 Jones and Harris challenge the district court's decision to increase their offense levels by two points under U.S.S.G. Sec. 2F1.1(b)(2)(A) for "more than minimal planning."[2] They argue that, because each received the three-level adjustment under section 3B1.1(b) for being a manager or supervisor of the offense, imposition of the section 2F1.1(b)(2)(A) enhancement resulted in impermissible "double-counting" of the same behavior.[3] This argument is controlled by our recent decision in United States v. Kelly, 993 F.2d 702 (9th Cir.1993). Kelly held that these two enhancements can be applied simultaneously because each stems from a different concern. Id. at 705.
 
 
 6
 [T]he "more than minimal planning" enhancement describes the complexity of the overall scheme. As a sophisticated fraud, [the defendants'] conspiracy is more harshly punished than are simple frauds. The leadership enhancement addresses a somewhat different concern, namely [the defendant's] role within the group of coconspirators. As a [manager or supervisor], [the defendant] is more harshly punished than if he [or she] had been a follower or a minor player in the same scheme. The two enhancements are sufficiently different that we see no error in applying them in the same case.
 
 
 7
 Id. Accordingly, we find no error in the district court's application of both enhancements in calculating the offense levels for Jones and Harris, and we affirm their sentences.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Harris also received the three-level increase in her offense level under U.S.S.G. Sec. 3B1.1(b), but her appeal does not challenge the factual basis for this adjustment
 
 
 [2]
 The presentence reports for Jones and Harris incorrectly cite U.S.S.G. Sec. 2B1.1(5) as the source for this two-level adjustment. Because they pleaded guilty to conspiracy to defraud the United States, section 2F1.1(b)(2)(A) was the applicable guideline. Nevertheless, because these citation errors did not affect the sentences imposed on Jones and Harris, they are harmless
 
 
 [3]
 Neither appellant challenges the factual basis for the section 2F1.1(b)(2)(A) enhancement